Drake, Ch. J.,
delivered the opinion of the court:
When this case was tried on a former occasion, the court, being equally divided upon the sufficiency of the claimant’s proof of loyalty, for that reason, and also for another connected with the return of the Treasury Department made in the case, ordered the case back to the general docket.
Afterward the claimant moved the court “ for leave to retake the testimony of such witnesses as can prove that claimant’s cotton was taken at the same time said Bush’s cotton was taken, and was placed upon same conveyance, and mixed up with the same 5 also, that no informant accompanied the military expedition that seized either lot of cotton, or was present at the seizure ; the witnesses not having heretofore been examined on these points.”
This motion was allowed, and, under the leave granted, the depositions of several of the claimant’s witnesses were retaken ; and a part of their testimony related to other matters than those specified in that motion, as well as to those matters.
At the present trial the defendants’ counsel objected to the admissibility of any of this new testimony, except such as relates to the points specified in the motion, and upon which the claimant had leave to re-examine the witnesses: The question was reserved for consideration.
In regard to it we reiterate the views expressed in Mrs. Maharts Case, (G C. Cls. B.., 331,) and apply them here. When the court gives leave to re-examine witnesses upon points on which they have not before been examined, their re-examination must be confined to those points.
The testimony given by the witnesses in this ease, on their re-examination, outside of the points specified in the motion, was mainly in regard to claimant’s loyalty, concerning which nearly all the witnesses had previously testified.
The claimant contends that, under the order remanding the case for further proof as to loyalty, he had a right to re-examine witnesses on that point, even though no leave- was asked or granted to do so. We do not so hold. When he asked and obtained leave to re-examine them as to specified matters, the-fact that the case had been remanded for further proof as to- *391 another matter, did not authorize him to re-examine them as to that; but he was bound, in their re-examination, to keep himself within the limits of the leave given. As to other witnesses, he might examine them, as to loyalty, to such extent as he desired.
The defendants’ objection to the evidence taken on the reexamination as to other prnints than those specified in the motion, is well taken, and all such evidence was excluded, and did not enter into our consideration of the case.
Another point made by the defendants’ counsel at the trial requires a statement of our views.
At the December term, 1867, of this court, a judgment was recovered by George W. Turner against the United States, for the proceeds of eighty bales of cotton, (3 C; Cls. B., 400;) which eighty bales the defendants’ counsel were understood to claim were part of a larger lot of cotton, made up of that taken from this claimant, from D. Bush, and from said Turner; and our attention was called to that judgment, to show that if judgments were now rendered in favor of this claimant and of D. Bush’s executrix, for the whole amount claimed by each, those judgments would more than absorb the proceeds of the lot made up from the plantations of this claimant, Bush, and Turner. Properly, this should have been pleaded as a defense; but we have waived that point, and examined the matter.
As will be perceived by the finding of facts now filed, we hold that the cotton of this claimant, of Bush, and of Turner, made up the lot of cotton known on the books of the Treasury Department as “ Lot [V] No. 39;” of which this claimant contributed 37 bales, D. Bush 80 bales, Turner 70 bales, and there were 10 other bales, the ownership of which does not appear, making a total of 197 bales. This quantity was rebaled at Yieksburgh, and the number of bales reduced to 134; and those 134 bales were sold at Cincinnati, and accounted for to the Treasury as “ Lot [Y] No. 39.”
Turner sued for 80 bales, and recovered judgment for $22,074.03,'which was at the rate of $275.92 and a fraction per bale.
The entire net proceeds of the whole of “ Lot [V] No. 39 ” being but $27,587.78, there remain only $5,513.75, to satisfy the remaining claims of Sevier and D. Bush for 117 bales; when, at the rate at which Turner recovered, there ought to be *392 $32,282.64. TMs shows that there must have been a great mistake somewhere in Turners Case; and in looking into it we have no difficulty in discerning it.
His judgment was based upon a letter from the Treasury Department, simply stating the sales of 80 of the 134 bales, which made up “Lot'[Y] No. 39;” giving nothing of the history of the “ lot,” and omitting altogether any reference to the rebaling, or to the sales of the remainder, or to there being any other claimants of parts of the “lot.” Upon this'information from the Government, the court was not only justified in giving Turner the judgment it did, but could not well have avoided it.
Now, however, when the whole history of “ Lot [Y] No. 39” comes out, it very plainly appears that Turner recovered nearly twice as much as ought to have been allowed him. Instead of receiving about $275.92 per bale, he should have received his proportionate share of the entire net proceeds of the “ lot,” which should have been ascertained (as we have in this case) by dividing the entire net proceeds by the whole number of bales, 197, which went into the 134 condensed bales. This would have given him $140.04 per bale, or $12,203.20 in all, instead of $275.92 per bale, or $22,074.03 in all. This error was the result of the partial information communicated by the Government itself to the court.
Of course, there must be a loss somewhere; and there can be no question where it ought to fall. Sevier and Bush cannot be made the sufferers by action of the court to which they were not parties, nor by the deficient information from the Treasury Department, upon which that action was based. Upon proving their cases, according to law, they are entitled to the net proceeds of their cotton; and the fact that the Government has, without their privity, paid out a part of those proceeds to another, who was not entitled thereto, does not deprive them of that right; they are still entitled to recover all that they would otherwise be.
The judgment of the court, therefore, is, that the claimant recover the proceeds of 37 bales of cotton, at $140.04 per bale, being in the aggregate $5,181.48.